UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HARRY O DAVIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-0544 (ESH) |
| THOMAS J. VILSACK, Secretary, United States Department of Agriculture, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Harry Davis, proceeding *pro se*, brings this Title VII employment-discrimination action against defendant Thomas J. Vilsack, in his official capacity as United States Secretary of Agriculture. Before the Court is defendant's motion to dismiss. Having considered the entire record in this case, the Court will grant defendant's motion.

## BACKGROUND

Davis is a former employee of the United States Department of Agriculture ("USDA"). On July 21, 2011, the USDA issued a Final Agency Decision on an administrative complaint filed by Davis in 2009. (Def.'s Mot. Ex. 1, at 2, July 12, 2012 (*Davis v. Vilsack*, No. CRSD-2009-00656, USDA Office of Adjudication (July 21, 2011) ("FAD").) Davis had alleged that the USDA subjected him to discriminatory harassment based on sex, race, color, and physical disability, and retaliated against him for whistleblowing. (FAD at 1-2.) The USDA dismissed

Davis's complaint, supporting its conclusion that Davis failed to offer sufficient evidence in support of his claims with a detailed, 20-page decision.[1]

Equal Employment Opportunity Commission (EEOC) regulations provide that an agency must notify complainants of their right to appeal these final agency actions, and of the applicable time limits:

> When an agency dismisses an entire complaint under §1614.107 . . . the agency shall take final action by issuing a final decision.  The final decision shall consist of findings by the agency on the merits of each issue in the complaint, or, as appropriate, the rationale for dismissing any claims in the complaint . . ..  The final action shall contain notice of the right to appeal the final action to the Equal Employment Opportunity Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for appeals and lawsuits.

29 C.F.R. § 1614.110(b).[2]  Federal law limits the time in which federal employees may appeal certain adverse final agency actions to 90 days.  *See* 42 U.S.C. § 2000e-16(c).

The USDA complied with this EEOC regulation. The FAD was clearly marked as a final decision (*see* FAD at 1 (captioned "Final Agency Decision" in bold underlined text and stating in introductory section that "[i]n accordance with . . . 29 C.F.R. § 1614.110(b), this is the final decision of the United States Department of Agriculture (USDA) on this complaint"); FAD at 17

---

[1] *See*, *e.g.*, FAD at 10 (complainant failed to present sufficient evidence of discrimination relating to any of his claims); *id.* at 14–15 (investigating complainant and placing him on paid leave and other restrictions "was appropriate and nondiscriminatory given the potential for workplace violence" relating to Davis's use of abusive and "vulgar and harassing" language; *id.* at 16 ("considering the entire record, we note there is no direct evidence to substantiate the complainant's contention with regard to any of the issues presented"; *id.* at 17 (rejecting reprisal/whistleblower claim, and concluding with respect to the entire claim that the "weight of the evidence indicates that no discrimination occurred regarding the issues presented").

[2] EEOC policy, implementing 29 C.F.R. § 1614.110(b), provides that "all federal agencies subject to" § 1614 must include specific text detailing a complainant's right to appeal "in every final action or final decision on complaints which allege discrimination on the bases of race, color, religion, sex, national origin, and/or disability." EEOC Management Directive 110 (MD-110), Federal Sector Complaint Processing Manual, ch. 10, s. 4, *available at* http://www.eeoc.gov/federal/directives/md110/chapter10.html (last visited July 27, 2012).

("This is the final decision of the USDA on the cited complaint.")), and contained an explicit notice of Davis's rights to appeal either to the EEOC or to this Court. (*Id.* at 17–20.)  The FAD made clear that these were "the only rights available to challenge this decision." (*Id.* at 17.) The FAD stated, under the bold, all-capitalized heading "Civil Action in Federal Court":

> You also have the right to file a civil action in an appropriate United States district court. If you choose to file a civil action, you may do so
>
> - within ninety (90) days of receipt of this final action or final decision (as appropriate) if no appeal [to the EEOC] has been filed; or
>
> - within ninety (90) days after receipt of the EEOC's final decision on appeal; or
>
> - after one hundred and eighty (180) days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission . . .
>
> If you decide to file a civil action, under Title VII or under the Rehabilitation Act, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action.  Both the request and the civil action <u>MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS</u> of the date you receive the final action or final decision (as appropriate) from the agency or the Commission.
>
> Unless an appeal is filed with the EEOC, failure to file a civil action within ninety (90) calendar days may result in dismissal of your civil action.

(*Id.* at 19.)

Davis does not allege that he filed an EEOC appeal, nor does he deny receiving notice of the FAD; in fact, he appears to admit that he received the notice. (*See* Pl.'s Opp'n, July 17, 2012 ("on July 21, 2012 the [USDA] issued a Final Decision on my Administrative complaint. I was informed that I must file a Civil Action . . . within <u>NINETY (90) CALENDAR DAYS</u> of the date I received the final decision by USDA").)  A certificate of service, dated the same date the

FAD was issued, attests that the FAD was sent by certified mail to Davis, as well as to his representative, Nathaniel D. Johnson, a Maryland attorney. (FAD at 22.)

On March 15, 2012, Davis filed the pending complaint, appealing the USDA's decision and requesting money damages and injunctive relief.[3] (Compl. at 2.) Defendant filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), accompanied by a copy of the FAD, on June 12, 2012. Plaintiff filed an opposition and a motion to appoint counsel on July 17, 2012, and defendant filed its reply on July 27, 2012. In its motion, defendant argues that plaintiff's complaint should be dismissed for failure to state a claim because the complaint, having been filed past the 90-day statutory deadline, is time-barred. Because Davis's complaint was untimely filed and there are no extraordinary facts warranting equitable tolling of the time bar, defendant's motion will be granted.

## ANALYSIS

**I.     STANDARD OF REVIEW**

An action will be dismissed where the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).[4] To avoid dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the

---

[3] Davis's prayer for relief is as follows: He "would like the maximum amount of monetary can be granted under the US District Courts"; "for USDA stop hindering me from employment elsewhere"; and "pay for training to make me Competitive after being placed on Administrative Leave for 18 months." (Compl. at 2 (errors in original).)

[4] In its motion to dismissal, defendant argues for dismissal based on Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief may be granted. (Def.'s Mot. at 1.) In defendant's reply to Davis's response in opposition to its motion, however, defendants argue for dismissal based on Rule 12(b)(1), lack of subject-matter jurisdiction. (Def.'s Reply at 1.) The Court rejects defendant's Rule 12(b)(1) challenge because 42 U.S.C. § 2000e-16(c) time limits are non-jurisdictional. *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1052–57 (D.C. Cir. 1988)

. . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (citing *Twombly*, 550 U.S. at 556); *see also Voinche v. Obama*, 744 F. Supp. 2d 165, 170–71 (D.D.C. 2010). "A defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint," and "[i]f no reasonable person could disagree on the date on which the cause of action accrued" and the complaint is "conclusively time-barred," it may be dismissed. *DePippo v. Chertoff*, 453 F. Supp. 2d 30, 33 (D.D.C. 2006) (internal citations and quotation marks omitted) (collecting cases); *accord Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1115 (D.C. Cir. 1985), *Strong-Fischer v. Peters*, 554 F. Supp. 2d 19, 21–22 (D.D.C. 2008).

A *pro se* plaintiff's complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); *see also Koch v. Schapiro*, 699 F. Supp. 2d 3, 7 (D.D.C. 2010). But even a *pro se* complaint "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (internal citations and quotation marks omitted).

## II.   PLAINTIFF'S COMPLAINT IS NOT TIMELY

The USDA issued its FAD adjudicating Davis's claim on July 21, 2011. As noted above, the statutorily-mandated time limitation for a covered federal employee "aggrieved by the final disposition of" an employment discrimination complaint runs 90 days from when the employee

receives the notice of final action. 42 U.S.C. § 2000e-16(c).[5] There is a presumption that notices of final action are mailed on the same day they were issued, and received by complainants between three and five days later. *See McAlister v. Potter*, 733 F. Supp. 2d 134, 142 (D.D.C. 2010) (collecting authorities). Plaintiff may rebut this presumption by presenting "sworn testimony or other admissible evidence indicating the notice was received later." *Id.* (internal citations and quotation marks omitted).

"The plaintiff who fails to comply, to the letter, with administrative deadlines ordinarily will be denied a judicial audience." *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985) (internal quotation marks and citation omitted). Courts apply time deadlines "strictly" and "will dismiss a suit for missing the deadline by even one day." *Woodruff v. Peters*, 482 F.3d 521, 525 (D.C. Cir. 2007) (quoting *Wiley v. Johnson*, 436 F. Supp. 2d 91, 96 (D.D.C. 2006)). Indeed, courts have dismissed claims or entered summary judgment for defendants when Title VII complaints were filed just past the statutory deadline. *See, e.g.*, *Smith v. Dalton*, 971 F. Supp. 1, 3 (D.D.C. 1997) (one day late); *Wolfe v. Danzig*, 2001 WL 1661479, at *4 (D.D.C. June 1, 2001) (one day late), *Bass v. Bair*, 514 F. Supp. 2d 96, 99 (D.D.C. 2007) (two days late).

Since, as defendant notes (Def.'s Reply at 2), Davis concedes that he received notice of the FAD and does not allege any delay in receiving it, the Court finds that the 90-day period for

---

[5] This statute applies, *inter alia*, to "all personnel actions affecting employees or applicants for employment . . . in executive agencies as defined in section 105 of title 5." 42 U.S.C. § 2000e-16(a). In turn, 5 U.S.C. § 105 defines "Executive agency" as "an Executive department, a Government corporation, and an independent establishment." It is not disputed that the USDA and Davis are covered by the Act.

filing suit in district court expired no later than October 24, 2011.[6]  As Davis filed suit on March 15, 2012, approximately five months past this deadline, his complaint is not timely.

### III.    EQUITABLE TOLLING

Since the 90-day limitations period to file suit is non-jurisdictional, it is "subject to waiver, estoppel, and equitable tolling" in "extraordinary and carefully circumscribed instances." *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1054–57 (D.C. Cir. 1988) (following *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).  Here, the only possible basis for equitable tolling is plaintiff's assertion that he is homeless and suffers from lupus and "mental issues" which require him to "take up to 15 medications" and "have really taken a toll on me mentally and physically."  (Pl.'s Opp'n at 1; Pl.'s Mot. to Appoint Counsel at 1.)

Equitable relief is granted only "sparingly," when "a claimant has received inadequate notice, where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, where the court has led the plaintiff to believe that she had done everything required of her, or where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction."  *Wiley*, 436 F. Supp. 2d at 96 (D.D.C. 2006) (quoting *Mondy*, 845 F.2d at 1057) (internal punctuation modified); *accord Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Equitable relief will not issue where "the claimant failed to exercise due diligence in preserving his legal rights" or has only a "garden variety claim of

---

[6] Davis's complaint and accompanying application to proceed in forma pauperis were received on March 15, 2012, but the complaint was only docketed on April 6, 2012, following approval of his application. The statute of limitations is tolled for the period "between the Clerk's receipt of [a] pro se complaint, accompanied by an application to proceed in forma pauperis, and entry of these documents on the Court's electronic docket." *Minter v. Dist. of Columbia*, No. 10–0516, 2012 WL 925715, at *4-5 (D.D.C. Mar. 19, 2012) (citing cases); *Johnson v. Interstate Mgmt. Co., LLC*, No. 11–cv–1702, 2012 WL 2552777, at *3 (D.D.C. July 3, 2012) ("a plaintiff is not held responsible for a delay attributable to the Court's review of the in forma pauperis application and the Clerk's internal processing of his papers").

excusable neglect." *Irwin*, 498 U.S. at 96 (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)). "The burden of pleading and proving any equitable excuse for failure to meet the ninety-day filing limit falls wholly upon the plaintiff." *Wiley*, 436 F. Supp. 2d at 96 (citing *Saltz v. Lehman*, 672 F.2d 207, 209 (D.C. Cir. 1982)). Where a plaintiff is "unambiguously notified that [he] must sue within ninety days . . . we conclude that no equitable considerations justified or excused . . . failure to meet the ninety-day limit." *Dougherty v. Barry*, 869 F.2d 605, 613 (D.C. Cir. 1989) (internal punctuation modified).

Although mental illness may be grounds for equitable tolling, a bare assertion of health problems does not rise to the extraordinary level; rather, the plaintiff must show that he was *non compos mentis* – incapable of handling his own affairs or unable to function in society. *Dahlman v. Amer. Ass'n of Retired Persons*, 791 F. Supp. 2d 68, 77–78 (D.D.C. 2011) (citing *Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1997)). "Impaired judgment or general claims of mental illness is not enough to justify equitable relief from procedural requirements"; rather, an individual must show that during the limitations period he was unable "to engage in rational thought and deliberate decision." *Id.* (internal quotation marks and citations omitted). In making this determination, "courts have often focused on whether the plaintiff was ever adjudged incompetent, signed a power of attorney, had a guardian or caretaker appointed, or otherwise took measures to let someone else handle [plaintiff's] affairs." *Id.* (citing *Speiser v. U.S. Dep't of Health & Human Servs.*, 670 F. Supp. 380, 385 (D.D.C. 1986)); *see also Nunnally v. MacCausland*, 996 F.2d 1, 2–6 (1st Cir. 1993) (per curiam).

Equitable tolling on *non compos mentis* grounds is typically granted only in the extreme case. The mere existence of mental problems or life difficulties will not suffice; rather, "total incapacity" is "necessary to warrant equitable tolling" on *non compos mentis* grounds. *Miller v.*

*Rosenker*, 578 F. Supp. 2d 67, 71 (D.D.C. 2008). For instance, time limits for a plaintiff's claim may be equitably tolled when the plaintiff had extremely severe, "crippling" paranoid schizophrenia that rendered her "incapable of rationally cooperating with any counsel, and/or pursuing her claim on her own during the limitations period." *Nunnally*, 996 F.2d at 5–7. In less severe cases, equitable tolling is routinely denied. *See, e.g.*, *Rosenker*, 578 F. Supp. 2d at 71–73 ("severe panic disorder and depression," where plaintiff "does not establish that he could not manage his affairs or comprehend his legal rights"); *Smith-Haynie*, 155 F.3d at 580 (claimed confusion by EEOC right-to-sue information and "emotional difficulties" causing inability "to psychologically deal with" case); *Dahlman*, 791 F. Supp. 2d at 77–79 (emotional breakdown causing claimed inability to function, where plaintiff was able to complete various skilled tasks); *Speiser*, 670 F. Supp. at 385 (hospitalization, depression, and obsession, where plaintiff never "let someone else handle her affairs"); *Perry v. U.S. Dep't of State*, 669 F. Supp. 2d 60, 66–67 (D.D.C. 2009) (possibility of "bipolar disorder, mood disorder, and/or post-traumatic stress disorder"); *Kien v. United States*, 749 F. Supp. 286, 288, 291–92 (D.D.C. 1990) (diagnosed borderline personality/post-traumatic stress disorder, where no showing of inability to handle own affairs); *Harding v. Ft. Wayne Foundry/Pontiac Div., Inc.*, 919 F. Supp. 1223, 1229 (N.D. Ind. 1981) (homelessness for several months and endurance of a "series of personal crises").

   Plaintiff's situation does not merit equitable tolling. Davis received actual notice of his right to sue and the limited period in which he could do so in the FAD. He has the ability to read and write English and presents no claim of total mental incapacity during the 90-day period in which he could sue. Prior to his January 12, 2011 resignation from the USDA (Pl.'s Mot. to Appoint Counsel at 1), he had a job as a telecommunications architect with the USDA Office of the Chief Information Officer at the GS-13 level. (FAD at 2, 5–6.)

Since Davis has not come forth with evidence demonstrating that he even approaches the degree of incapacity required to be considered *non compos mentis* and there are no extraordinary facts presenting compelling equitable reasons to allow Davis to proceed with an untimely suit, plaintiff's complaint will be dismissed.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss for failure to state a claim is **GRANTED**.  A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date:   August 1, 2012